## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------X

ANTONIO HARRIS, individually, and on      :
behalf of all persons similarly situated,     :
                                     :     CIVIL ACTION NO.:
            Plaintiffs,        :
                                     :
                                     :     **CLASS AND COLLECTIVE ACTION**
-against-                    :     **COMPLAINT_____**
                                     :
 D'ARTAGNAN, INC., ARIANE        :     **JURY TRIAL DEMANDED**
DAGUIN, in her individual and professional :
capacities, and ANDY WERTHEIM, in his :
individual and professional capacities,    :

            Defendants.

-----------------------------------------------------X

      Plaintiff Antonio Harris ("Plaintiff" or "Harris"), on behalf of himself and all others similarly situated, by and through his attorneys, as and for his Complaint against D'Artagnan, Inc. ("D'Artagnan"), Ariane Daguin, in her individual and professional capacities, and Andy Wertheim, in his individual and professional capacities, alleges as follows:

## INTRODUCTION

      1.     Plaintiff brings this lawsuit seeking recovery against Defendants for their violation of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. §201 *et seq.*, the New Jersey State Wage and Hour Law ("NJWHL"), New Jersey Wage Payment Law ("WPL"), the retaliation provisions of the Conscientious Employee Protection Act ("CEPA") and the common law right to be free from retaliation for exercising rights protected by a clear mandate of public policy as established in Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980) ("Pierce Claim").

2.      Plaintiff brings this lawsuit against Defendants to recover damages, as well as attorneys' fees and costs, sustained by him as a result of Defendants' unlawful practice of failing to pay overtime compensation to Plaintiff, and for retaliatory actions taken against Plaintiff after he made complaints to Defendants about his right to recover unpaid overtime compensation.

3.      Plaintiff also brings this lawsuit against Defendants as a collective action, on behalf of himself and all other similarly situated non-exempt delivery persons/truck drivers, for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

4.      Plaintiff also brings this lawsuit against Defendants as a class action on behalf of himself and all other non-exempt delivery persons/truck drivers, for damages as a result of Defendants' violations of the NJWHL pursuant to the class action provisions of Fed. R. Civ. P. 23.

5.      During the relevant time period, Defendants engaged in a policy and practice of requiring Plaintiff and putative class members to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable Federal and New Jersey state law.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and by 29 U.S.C. §216(b).

7.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims, Pierce claims and CEPA claims, pursuant to 28 U.S.C. §1367.

8.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9.     At all times material hereto, Plaintiff performed as a non-exempt delivery person/truck driver for the Defendants, delivering products to Defendants' customers. Defendants are headquartered in Union, New Jersey and are therefore within the jurisdiction and venue of this Court.

10.     At all times pertinent to this Complaint, D'Artagnan was and is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce, as defined by the FLSA, 29 U.S.C. §§203(r) and 203(s).

11.     At all times pertinent to the Complaint, Plaintiff and those similarly situated employees worked in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the FLSA.

## PARTIES

12.     Plaintiff Antonio Harris is a citizen of the State of New Jersey, residing in Newark, New Jersey and was an "employee" entitled to protection as defined by the FLSA, NJWHL, NJWPL, CEPA and New Jersey common law.

13.     Defendant D'Artagnan is a New Jersey corporation that sells food to restaurants and directly to the public. Its headquarters is located at 600 Green Lane, Union, New Jersey. At all times relevant to this action, D'Artagnan has been an enterprise engaged in interstate commerce and earning gross annual sales over $500,000.

3

14.     Defendant Ariane Daguin ("Daguin") is the founder and one of the Presidents of D'Artagnan. She is and was one of the people responsible for making all decisions on D'Artagnan's behalf with respect to its employees.

15.     Defendant Andy Wertheim ("Wertheim") is one of the Presidents of D'Artagnan. He is and was one of the people responsible for making all decisions on D'Artagnan's behalf with respect to its employees.

16.     At all relevant times herein, Defendants are "employers" within the meaning of the FLSA, NJWHL, NJWPL and CEPA. Additionally, Defendants' qualifying annual business exceeds $500,000, and the Defendants are engaged in interstate commerce within the meaning of the FLSA, as they serve customers and conduct business in New Jersey as well as in out-of-state locations. Defendants are, thus, subject to the FLSA's overtime requirements as an enterprise. Furthermore, Plaintiff and putative class members are engaged in interstate commerce, as their duties require them to travel and work in various states outside of New Jersey. This independently subjects Defendants to the FLSA's overtime requirements with respect to Plaintiff and similarly situated employees. Daguin and Wertheim are "supervisors" within the meaning of CEPA.

## CLASS AND COLLECTIVE ALLEGATIONS – UNPAID OVERTIME

17.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. §216(b), and as a class action pursuant to Rule 23.

18.     This action is being brought on behalf of Plaintiff and a putative collective class who perform or performed work for Defendants.

19.     Plaintiff and potential class members who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, NJWHL and NJWPL by failing to provide overtime wages, at the rate of one and one-half times the regular rate of pay, for all times worked in excess of 40 hours in any given week.

20.     The putative class is so numerous that joinder of all members would be impracticable.

21.     The size of the putative class is believed to be in excess of 50 employees. The names of all potential members of the putative class are not now known.

22.     Plaintiff's claims are typical of the claims of the putative class.

23.     Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages.

24.     Plaintiff and the putative class members, thus, have sustained similar injuries as a result of Defendants' actions.

25.     Upon information and belief, Defendants uniformly apply the same employment policies, practices and procedures to all employees who work for Defendants.

26.     Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in wage and hour class/collective litigation.

27.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.

Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

28.    This action is properly maintainable as a collective action pursuant to §216(b) of the FLSA.

29.    The claims in this action under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

30.    A class action under Rule 23 and a collective action under §216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' practices.

## RELEVANT FACTS

31.    Plaintiff was employed as a delivery person/truck driver for Defendants, delivering the food ordered by D'Artagnan's customers, starting on or about August 1, 2019.

32.    Plaintiff was paid $21.85 per hour for all hours worked in a work week.

33.    Plaintiff routinely worked in excess of fourteen (14) hours per day, sometimes working from 2 am to as late as 4 pm. By the time Plaintiff would get home, he would only be able to get a few hours sleep before he had to get up to go to work again.

34.    Plaintiff was exhausted and felt ill due to persistent lack of sleep.

35.    Defendants did not properly compensate Plaintiff for the overtime hours that he worked.

36.    Plaintiff was *not* paid one and one-half times his regular rate of pay; that is, $32.78 per hour, for the hours worked in excess of forty (40) hours in a work week.

6

37.     Upon information and belief, employees similarly situated to Plaintiff also have been, and continue to be, compensated improperly by failing to pay overtime.

38.     Defendants have engaged in a widespread pattern, policy and practice of violating the FLSA, NJWHL and NJWPL as discussed herein.

39.     At all times material hereto, Plaintiff and all similarly situated employees were and are performing their duties for the benefit of and on behalf of Defendants.

40.     This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) as well as treble damages on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

41.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

42.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

43.     At all times pertinent to this Complaint, Defendants failed to comply with the FLSA, the NJWHL and NJWPL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

44.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were performing the same or similar duties as

Plaintiff and who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods.

**Retaliation**

45.     During his employment with Defendants, Plaintiff made numerous complaints to Defendants about his unpaid overtime, to no avail.

46.     On or about July 11, 2021, Plaintiff was terminated from his employment for complaining about not being paid overtime.

## COUNT I
### (RECOVERY OF OVERTIME WAGES PURSUANT TO THE FLSA)

47.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48.     Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

49.     Defendants knowingly and willfully failed to pay Plaintiff at one and one-half times his regular rate of pay for his overtime hours worked in a work period.

50.     All similarly situated employees of the Defendants are also owed overtime pay foreach and every overtime hour they worked and were not properly paid.

51.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages as well as incurring costs and reasonable attorneys' fees.

52.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to lost wages, liquidated damages, attorneys' fees and costs.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons demand judgment against Defendants, jointly and severally, for an amount to be

determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

### COUNT II
### (RECOVERY OF OVERTIME WAGES PURSUANT TO NJWHL)

53.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

54.    Defendants' aforementioned conduct is in violation of the NJWHL.

55.    As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to lost earnings.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons demand judgment against Defendants, jointly and severally, for an amount to be determined at trial, plus treble damages as permitted by the NJWHL, interest, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

### COUNT III
### (RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF THE RETALIATION PROVISIONS OF THE FLSA – BY ANTONIO HARRIS ONLY)

56.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

57.    The FLSA, 29 U.S.C. §215(a)(3) makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]".

9

58.     Defendants' above-described actions constitute unlawful discharge amounting to retaliation directly resultant from Plaintiff's complaint to his employer concerning unpaid overtime wages.

59.     As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for an amount to be determined at trial, compensatory damages, back pay, front pay, emotional distress, plus liquidated damages, punitive damages, reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT IV
**(RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF THE RETALIATION PROVISIONS OF THE NJWHL – BY ANTONIO HARRIS ONLY)**

60.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61.     N.J. Stat. 34:11-56a24 makes it unlawful for an employer to retaliate against an employee who has, amongst other things, made complaints for a violation of the New Jersey Wage and Hour Law.

62.     In addition to fines resultant from a conviction of a disorderly persons offense for such discrimination, a violator of N.J. Stat. 34:11-56124 shall also "pay any such employee wages lost as a result of such discriminatory action, under penalty of contempt proceeding for failure to comply with such requirement."

63.     As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for an amount to be determined at trial, plus liquidated damages, treble damages, punitive damages, interest, reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## <u>COUNT V</u>
## <u>(RETALIATION – NEW JERSEY WAGE PAYMENT LAW BY ANTONIO HARRIS ONLY)</u>

64.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

65.     Plaintiff engaged in protected activities within the meaning of the New Jersey Wage Payment Law by complaining about an activity that Plaintiff reasonably believed to be in violation of that law; that is, the non-payment of overtime.

66.     Defendants retaliated against Plaintiff for engaging in this protected activity by terminating Plaintiff.

67.     As a direct and proximate result of Defendants' misconduct, Plaintiff has been harmed.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for an amount to be determined at trial, plus compensatory damages, liquidated damages, treble damages, punitive damages, interest, reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT VI
**(RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATIONS OF**
***PIERCE V. ORTHO PHARMACEUTICAL* – BY ANTONIO HARRIS**
**ONLY)**

68.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

69.     Plaintiff made repeated inquiries to Defendants regarding his unpaid overtime wages to no avail, and leading to his termination on July 11, 2021.

70.     The New Jersey Wage and Hour Laws are clear mandates of New Jersey's public policy.

71.     Plaintiff's termination was wrongful in that it resulted from his lawful exercise of rights protected by New Jersey public policy

72.     As a result of Plaintiff's unlawful termination by Defendants in violation of New Jersey public policy, Plaintiff has sustained injury and has suffered loss of wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for an amount to be determined at trial, plus compensatory damages, back pay, front pay, liquidated damages, punitive damages, all other damages afforded under statute and common law, reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT VII
**(RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF**
**CEPA – BY ANTONIO HARRIS ONLY)**

73.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

74.     The Conscientious Employee Protection Act ("CEPA"), NJSA 34:19-3 prohibits an employer from taking retaliatory action against a whistle blowing employee.

12

75.     Plaintiff was terminated because he objected to conduct by Defendants; that is, failing to properly pay overtime wages, an action which Plaintiff reasonably believed to be illegal.

76.     As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including but not limited to lost wages and emotional distress.

77.     The intentional actions by Defendants showed malicious and reckless indifference.

78.     Defendants have retaliated against Plaintiff in direct violation of CEPA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for an amount to be determined at trial, including lost wages, emotional distress, back pay, front pay, consequential damages, punitive damages, pre and post judgment interest, reasonable attorneys' fees and costs and for such other and further relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff, both individually and on behalf of similarly situated employees, demands a jury trial.

Dated: May 4, 2022

THE SALVO LAW FIRM, PC

By: /s/ Cindy D. Salvo
        CINDY D. SALVO

185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
(973) 226-2220
(973) 900-8800 (fax)
*csalvo@salvolawfirm.com*

Attorneys for Plaintiff, Antonio Harris

13